# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

DAMIEN FORD,
ADC #143035                                                                                          PLAINTIFF

4:20CV00163-KGB-JTK

WENDY KELLEY, et al.                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction

Plaintiff Damien Ford is a state inmate incarcerated at the Maximum Security Unit of the Arkansas Division of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging excessive force by Defendant Butler and failure to protect by Defendants Bailey and Chapman in connection with an incident which occurred on November 20, 2017. (Doc. No. 6) Defendants Kelley, Payne, Gibson, Shipman, Carrol, Christopher, Scott, Correct Care Solutions, and Lupor were dismissed on January 20, 2021, and Defendant Chapman was dismissed on February 5, 2021. (Doc. Nos. 57, 60)

Pending before the Court is the Motion for Summary Judgment, Brief in Support, and Statement of Facts, filed by remaining Defendants Butler and Bailey (Doc. Nos. 62-65). Plaintiff responded (Doc. Nos. 71-73), and Defendants filed a Reply (Doc. No. 74).

### II.  Facts

Plaintiff alleged in his Complaint that on November 20, 2017 incident, he was incarcerated

at the Varner Super Max Unit. (Doc. No. 2, p. 2) Prior to the incident, he and Defendant Butler exchanged words concerning water damage to his legal work. (Id., p. 5) On November 20, 2017, Defendants Bailey and Chapman escorted Plaintiff to the shower where Plaintiff again encountered Defendant Butler. After the two exchanged words, Plaintiff spit on Butler, Butler then punched Plaintiff in the mouth and followed him into the shower where he continued to hit Plaintiff about twenty times while Bailey and Chapman watched. (Id.).

### III.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

###    A.    Defendants' Motion

Defendants ask the Court to dismiss Plaintiff's claims against them in their individual

3

capacities, based on qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

### 1) Affidavits/Incident reports

According to Defendant Butler's Affidavit, on November 20, 2017, Defendants Bailey and Chapman escorted Plaintiff to the shower. (Doc. No. 62-2) Butler had the keys to the shower and

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

opened the door, and Plaintiff then spit on Butler. Butler took Plaintiff to the ground inside the shower to regain control as Plaintiff continued to struggle with him and spit on him. Butler then pushed Plaintiff's face away from him, exited the shower and closed the door. However, Plaintiff spit at the officers through the food trap. Butler saw no blood and denied punching or hitting Plaintiff. He also denied any prior issues or problems with Plaintiff and stated that after the incident a nurse was called to evaluate Plaintiff.

Defendant Chapman also stated that the incident began when Plaintiff spit on Butler as he approached the shower, and that Butler followed him into the shower and used necessary force to regain control of Plaintiff. (Doc. No. 62-3) He denied seeing blood on Plaintiff or on the shower floor, and denied that Butler used excessive force on Plaintiff. He also stated that after the shower door was closed, Plaintiff continued to spit through the food trap toward Butler until Chapman was able to close the food trap. After he was in the shower, Plaintiff continued to state several times that he would kill Defendant Butler.

Defendants also present as evidence the incident reports filed by Sgt. Davis and Defendants Chapman, Butler and Bailey. (Doc. No. 62-4, pp. 3-13) Davis stated that she was in the control booth on November 20, 2017, when she heard Butler say to Plaintiff, "Don't spit on me anymore." (Id., p. 4) Davis then exited the control booth and saw Plaintiff on the shower floor in Isolation and he stated, "yeah bitch, I spit on you and I'm going to kill you!" (Id.) Plaintiff also continued to spit in Butler's direction after he was secured in the shower. (Id.) Defendant Bailey's report stated that he escorted Plaintiff to the shower when Plaintiff aggressively pulled away from them and spit in Butler's face. (Id., p. 6) Butler then used the least amount of force to take Plaintiff to the ground and told Plaintiff to stop spitting, but Plaintiff continued to spit. (Id.) Once Plaintiff

5

was secured in the shower, he said he was going to kill Butler. (Id.) Chapman's report stated the same facts. (Id., p. 8)

### 2) Plaintiff's deposition testimony (Doc. No. 62-1)

Plaintiff admitted that prior to the incident at issue he had been charged with a couple of disciplinaries for spitting on someone and for dashing someone with fluids. (pp. 11-12) On November 20, 2017, he was housed in isolation at Varner Super Max for disciplinary reasons. (p. 13) Butler held the door open for shower call as Bailey and Chapman escorted Plaintiff to the shower. (p. 16) Plaintiff asked Butler if he called Plaintiff's mama a bitch and Butler responded, "what you gonna do?" (p. 16) Plaintiff then spit in Butler's face and Butler immediately punched Plaintiff in the mouth and followed Plaintiff in the shower and hit him twenty times. (p. 17) Plaintiff claimed the first punch was visible on camera and that he suffered a busted bottom lip which caused blood on the shower floor. (p. 20) Although he admitted that the medical records do not indicate that he cut his lip, he claimed the nurse never inspected the inside of his lip and he did not show her the inside of his mouth. (pp. 20-21) Plaintiff blamed Butler because prior to this incidence, Butler failed to act when an inmate flooded several cells which caused damage to Plaintiff's legal work. (p. 23) Plaintiff stated Butler hit him in the shower cell for ten-fifteen seconds, which caused the cut lip, a knot on the back of his head, bruises to the rib cage, headaches, and blurred vision. (pp. 28, 34-35) Plaintiff was charged and convicted of a disciplinary after the incident and admitted that there is no record that he filed a sick call request after the incident. (pp. 36, 38)

### 3) Video (Doc. No. 59)

On the video, Butler is seen unlocking the shower cell door and standing beside it as

Chapman and Bailey escorted Plaintiff to the cell. When Plaintiff reached the cell, he spit on Butler and Butler reached out toward him as Plaintiff ducked into the cell. Butler and another officer followed Plaintiff into the cell, and an officer identified as Sgt. Davis can be seen entering the area from the control booth. She stood and watched and then the two officers exited the cell and closed the door. Butler is seen flinching as Plaintiff again spit toward him and then another officer closed the trap. Butler was in the cell with Plaintiff about 13-15 seconds, but the video does not show what occurred inside the cell.

### 4) Other evidence

Following the incident, Butler issued a disciplinary charge against Plaintiff. (Doc. No. 62-4, p. 11) The nurse who examined Plaintiff shortly after the incident recorded that Plaintiff had lacerations on his shoulders and anterior and posterior upper torso, but no lacerations or abrasions were noted to his lips. (Id., p. 12) In addition, no bleeding or distress were noted and Plaintiff was ambulatory with a steady gait, despite complaints that his neck hurt. (Id.)

Based on the above-mentioned evidence, Defendants state Plaintiff did not provide proof of excessive force or more force than needed to maintain control, or that Defendant Bailey failed to act to protect him.

### B.  Plaintiff's Response

Plaintiff did not deny that he spit on Butler, but claimed that after he did so Butler punched him in the mouth prior to placing Plaintiff on the floor of the shower. He also claimed Butler punched him 15-20 times while in the cell and that he suffered a busted lower lip and a knot on the back of his head. Plaintiff questioned the need for Defendants to exercise control, since Plaintiff was shackled during the incident. He also claimed Davis left the control booth in a panic to urge

Bailey and Chapman to intervene to stop the use of force, and that he was "brutally beaten mercilessly to my knees and continuously beaten." (Doc. No. 71, p. 23)

### C. Defendants' Reply

Defendants note that Plaintiff provides no evidence to support his version of the incident and failed to meet proof with proof, as required to defeat a summary judgment motion. They also note that Plaintiff's account is contradicted by the record

### D. Analysis

To support an excessive force claim, Plaintiff must allege and prove that force was not applied in a good-faith effort to maintain or restore discipline, but rather, maliciously and sadistically to cause harm. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010). Factors to be considered in determining the reasonable use of excessive force include whether there was an objective need for force, the relationship between the need and the amount of force used, the threat reasonably perceived by the officers, efforts the officers used to temper the severity of their response, and the extent of the inmate's injury. Treats v. Morgan, 308 F.3d 868, 872 (8th Cir. 2002).   In Wilkins, the United States Supreme Court held that the absence of serious injury is not irrelevant to an excessive force inquiry, but is a factor which could suggest whether the force could "plausibly have been thought necessary" and might also provide an indication of the amount of force applied. 559 U.S. 34, 37 (quoting Hudson v. McMillian, 503 U.S. at 7).   While a "limited application of cap stun to control a recalcitrant inmates constitutes a 'tempered response by prison officials' when compared to other forms of force, ... not every instance of inmate resistance justifies the use of force." Treats, 308 F.3d at 872 (quoting Jones v. Shields, 207 F.3d 491, 496 (8th Cir. 2000)).

Looking at the first prong of the qualified immunity analysis, the Court finds that although

the facts alleged by Plaintiff in his Complaint set forth a constitutional claim for relief, he does not provide any evidence, other than his own self-serving statements, in support of those facts. "'[A] properly supported motion for summary judgment is not defeated by self-serving affidavits.'" Frevert v. Ford Motor Co., 614 F.3d 466, 473 (8th Cir. 2010) (quoting Bacon v. Hennepin County Med. Ctr., 550 F.3d 711, 716 (8th Cir. 2008) (other citations omitted.)) See also Bloom v. Metro Heart Group of St. Louis, Inc., 440 F.3d 1025, 2028 (8th Cir. 2006), where the Court held that "speculation and conjecture are insufficient to defeat summary judgment." Although the parties in this case dispute whether Butler struck Plaintiff repeatedly in the shower cell, Plaintiff did not dispute that he instigated the incident by spitting on Butler and that he spit on him again after Butler left the shower. The video shows that although Butler reached out his arm toward Plaintiff after the initial spit, he did not strike Plaintiff outside of the cell, as Plaintiff alleged. In addition, when Davis entered the area, she did not appear to speak and did not hold a video camera, as Plaintiff contended. Plaintiff also provided no evidence that Butler struck him repeatedly in the head and face area, as the medical report recorded no lip laceration and no complaint of a head injury.

Even assuming Plaintiff's allegations sufficient to support a claim, the Court finds no clearly established law to show that a reasonable official in Butler's position would have known that his actions were unlawful. The clearly established law must be "'particularized' to the facts of the case.'" White v. Pauly, 137 S.Ct. 548, 551-2 (2017). In Burns v. Eaton, an inmate who refused to submit to hand restraints when returning from his shower was sprayed with chemicals when he responded by throwing a shampoo bottle at the officer and spitting at him. 752 F.3d 1136, 1140 (8th Cir. 2014) The Court held that the use of force was appropriate and did not violate the Eighth

Amendment, and noted that because the inmate refused the officer's orders, the officer "faced a recalcitrant inmate." Id. at 1140.

Therefore the Court finds that there was a need for force, and that the amount of force used, considering Plaintiff's documented minimal injuries, was reasonable, given the threat perceived by Plaintiff's aggressive behavior and spitting. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right. Given this conclusion, the Court also finds Plaintiff cannot support his claim that Defendant Bailey failed to protect him.

## IV.   Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 62) be GRANTED, and Plaintiff's complaint against them be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 14th day of April, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE